R. I. WATERMAN PROPERTY, INC. *v.* RICHARD
MISIORSKI ET AL.
(AC 17551)

Lavery, Landau and Hennessy, Js.

Submitted on briefs October 29, 1998—officially released February 2, 1999

*Robert G. Skelton* filed a brief for the appellants (defendants).

*Michael J. Auger* filed brief for the appellee (plaintiff).

LAVERY, J. The defendants[1] appeal from the judgment of strict foreclosure, seeking plain error review of the trial court's granting the plaintiff, R. I. Waterman Property, Inc., permission to file a motion for summary judgment after the case had been scheduled for trial and simultaneously granting the summary judgment without giving the defendant an opportunity to file affidavits and documents in opposition to the summary judgment motion. We reverse the judgment of the trial court.

The following facts are undisputed. This foreclosure proceeding was initiated in 1996. The defendants filed an answer and special defenses, and the case was claimed to the trial list in February, 1997. In May, 1997, the trial court scheduled the trial for October 9, 1997. On June 13, 1997, the plaintiff simultaneously filed a motion for permission to file a summary judgment motion and a motion for summary judgment. On June 30, 1997, the trial court simultaneously granted both motions. A judgment of strict foreclosure was rendered in August, 1997, from which this appeal was taken.

On appeal, the defendants claim that they did not oppose the granting of the plaintiff's motion for permission to file a summary judgment motion, but would have opposed the motion for summary judgment, and that their time for filing affidavits and documents in opposition did not start running until permission to file was granted. The defendants claim that the trial court's

---

[1] The defendants are Richard Misiorski and Brenda Misiorski. Fleet Bank, N.A., was named as a subsequent encumbrancer in the trial court and is not a party to this appeal.

simultaneous granting of the plaintiff's summary judgment motion and the motion for permission to file a motion for summary judgment was plain error. We agree.

Practice Book § 17-44 provides in pertinent part that "any party may move for a summary judgment at any time, except that the party must obtain the judicial authority's permission to file a motion for summary judgment after the case has been assigned for trial. . . ." Practice Book § 17-45 provides: "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party prior to the day the case is set down for short calendar shall file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings."

We agree with the defendants that until the motion for permission to file a summary judgment motion is granted, § 17-45 does not come into effect. Once notice is given of the granting of permission to file a summary judgment motion, the motion for summary judgment should be placed on the short calendar not fewer than fifteen days from the giving of the notice. This gives the adverse party the opportunity to file opposing affidavits and other available documentary evidence as set forth in § 17-45.

Where the error is truly extraordinary and is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings, plain error

review is warranted. See *Grayson* v. *Wofsey, Rosen, Kweskin & Kuriansky*, 231 Conn. 168, 194, 646 A.2d 195 (1994). This is such a case. Here, the trial court failed to abide by our rules of practice by granting the plaintiff's motion for summary judgment at the same time it granted the plaintiff's motion for permission to file a motion for summary judgment. The trial court's rulings did not afford the defendants an opportunity to oppose the motion for summary judgment as provided by § 17-45. The trial court's rulings, therefore, constitute plain error.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.